FILED

2009 Feb-03  PM 04:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **TANECIA TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 07-S-2331-NW** |
| | ) | |
| **BRUISTER & ASSOCIATES, INC.,** | ) | |
| **and DIRECTV, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

This is a collective action arising under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*[1]  Plaintiff, Tanecia Turner, alleges that she formerly was an employee of defendants Bruister and Associates, Inc. ("Bruister"), and DIRECTV, Inc.  She alleges, not only on her own behalf, but also for all other similarly situated employees, that defendants have violated the minimum wage, overtime, and record keeping provisions of the Fair Labor Standards Act.[2]  Turner also alleges supplemental state-law claims for "negligent; wanton; and/or intentional wrongful hiring, training, supervision, and retention" of the "site manager" and the "site human resources coordinator," invasion of privacy, and intentional infliction of emotional

---

[1] *See* doc. no. 1 (Complaint).

[2] *Id.*, ¶ 4.

distress.[3]

This opinion addresses an array of motions, including Bruister's motion to dismiss Turner's complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), or, in the alternative, motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c),[4] Turner's motion to strike Bruister's motion to dismiss,[5] Bruister's motion to strike Turner's affidavit,[6] Bruister's motion to strike portions of Turner's errata sheet,[7] and Turner's motion to amend the complaint.[8]

## I.  STANDARDS OF REVIEW

### A.    Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides that:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required.  But a party may

---

[3] *Id*. at 8-14.

[4] *See* doc. no. 12.

[5] *See* doc. no. 22 ("Plaintiff Tanecia Turner's Motion to Strike Defendant Bruister & Associates, Inc.'s motion to dismiss [Docs. 12 and 13]; or, in the alternative, plaintiff Tanecia Turner's motion to deny defendant Bruister & Associates, Inc.'s Motion to Dismiss [Docs. 12 and 13]; or, in the alternative, plaintiff Tanecia Turner's Motion to Continue Defendant Bruister & Associates, Inc.'s Motion to Dismiss [Docs. 12 and 13] pending plaintiff's taking defendants' agents depositions").

[6] *See* doc. no. 29 ("Defendant Bruister and Associates, Inc.'s Motion to Strike the Affidavit of Tanecia Turner").

[7] *See* doc. no. 37 ("Defendant Bruister and Associates, Inc.'s Notice of Filing Errata Sheet and Motion to Strike Portions of Plaintiff's Errata Sheet").

[8] *See* doc. no. 44 ("Plaintiff Tanecia Turner's; Lillie Mae Morning Currenton Burroughs'; and, Donita Rena Lopp's Motion for Leave to Amend Complaint to Add Lillie Mae Morning Currenton Burroughs and Donita Rena Lopp as Party Plaintiffs").

> assert the following defenses by motion: (1) lack of subject-matter
> jurisdiction; . . . .

Fed. R. Civ. P. 12(b)(1) (2008).

When ruling upon a Rule 12(b)(1) motion, the court must first determine whether the moving party is mounting a "facial" or "factual" attack on the court's subject matter jurisdiction. The former Fifth Circuit explained the difference — and the resulting effect on the district court's framework of analysis — in *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981),[9] saying that:

> A motion to dismiss for lack of subject matter jurisdiction, Rule 12(b)(1), can be based on the lack of jurisdiction *on the face of the complaint*. If so, the plaintiff is left with safeguards similar to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim is raised — the court must consider the allegations in the plaintiff's complaint as true. *E.g., Spector v. L Q Motor Inns, Inc.*, 517 F.2d 278, 281 (5th Cir. 1975); *Herpich v. Wallace*, 430 F.2d 792, 802 (5th Cir. 1970). But the two motions are treated quite differently when matter outside the complaint is the basis of the attack. Rule [12(**d**)[10]]

---

[9] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[10] The *Williamson* opinion originally referenced Federal Rule of Civil Procedure 12(**b**), which was a correct citation on the date the opinion was entered. The relevant portion of Rule 12(b) then read as follows:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

provides that a motion to dismiss for failure to state a claim will be automatically converted into a motion for summary judgment (Rule 56) if the court considers matters outside the pleadings. This provides an additional safeguard for the plaintiff, for, in addition to having all his allegations taken as true, the trial court cannot grant the motion unless there is no genuine issue of material fact. This protection is not, however, provided the plaintiff who faces dismissal for lack of subject matter jurisdiction. As the Court of Appeals for the Third Circuit has explained:

> The facial attack (on subject matter jurisdiction) does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction — its very power to hear the case — there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Williamson*, 645 F.2d at 412-13 (quoting *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3rd Cir. 1977)) (footnote omitted) (emphasis

---

*Williamson v. Tucker*, 645 F.2d 404, 412 n.5 (5th Cir. 1981) (quoting Fed. R. Civ. P. 12(b)). However, between May 20, 1981, when *Williamson* was handed down, and the present, Rule 12 was amended, and the text from Rule 12(b) referenced in *Williamson* was both revised and moved from Rule 12(**b**) to Rule 12(**d**), which reads as follows:

> **(d) Result of Presenting Matters Outside the Pleadings**. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d) (2008).

added); *see also Barnett v. Okeechobee Hospital*, 283 F.3d 1232, 1237-38 (11th Cir. 2002); *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990) (*per curiam*).

## B.      Federal Rule of Civil Procedure 12(c)

Federal Rule of Civil Procedure 12(c) provides that: "After the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

"Judgment on the pleadings is appropriate only when the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002) (quoting *Moore v. Liberty National Life Insurance Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (internal quotation marks omitted)). Stated differently, "[j]udgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law." *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996). When reviewing such a motion, the court is required to accept the facts alleged in the complaint as true, and to view them in the light most favorable to the nonmoving party. *Swerdloff v. Miami National Bank*, 584 F.2d 54, 57 (5th Cir. 1978).

## II.   ALLEGATIONS OF PLAINTIFF'S COMPLAINT

Turner filed her complaint on December 26, 2007, alleging that she formerly had "worked for Bruister and DIRECTV within the territory of the United States

within three years preceding the filing of the instant suit."[11]  She vaguely asserts that she worked for defendants as a "non-exempt office worker."[12]  She was paid an hourly wage and, on "numerous" occasions, she allegedly worked more than forty hours in a standard work-week in order to complete her job assignments.[13]

Turner alleges that Bruister and DIRECTV failed to meet the requirements of the Fair Labor Standards Act ("FLSA") by instituting policies and engaging in practices that violate the minimum wage, overtime pay, and record keeping provisions of the FLSA.[14]  On behalf of herself and similarly situated employees, she specifically alleges that Bruister and DIRECTV violated the FLSA by:

> a) requiring, suffering, and/or permitting [Turner] and those similarly situated to [her] to work on holidays, weekends, and after regular work hours and failing to record or pay overtime and/or minimum wages for time worked;
>
> b) requiring, suffering, and/or permitting [Turner] and those similarly situated to [her] to work over eight (8) hours a day and failing to record or pay wages for the time worked subsequent to the end of their regular eight (8) hour work day;

---

[11]  *See* doc. no. 1 (Complaint), ¶ 7.

[12]  *Id.*, ¶¶ 7, 14.

[13]  *Id.*, ¶ 16.

[14]  Congress enacted the FLSA in 1938 "in order to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'"  *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) (quoting 29 U.S.C. §§ 202(a) & (b)).

c) requiring, suffering, and/or permitting [Turner] and those similarly situated to [her] to work hours off-the-clock throughout their work day and failing to record or pay wages for hours worked, and by engaging in a policy or practice of reducing hours on employees' time records;

d) requiring, suffering and/or permitting [Turner] and those similarly situated to [her] to perform work during their meal periods despite deducting those meal periods from the employees' hours;

e) violating the record-keeping provisions of the FLSA by failing to properly record hours worked; and

f) failing to properly calculate the overtime rate by, among other things, failing to record or pay wages for all hours worked and failing to pay overtime premiums at one and one-half times the employees' regular rate of pay as required by law.[15]

Turner also alleges that Bruister and DIRECTV failed to properly compensate her, as well as similarly situated employees, for fuel, mileage, and accrued, but unused, vacation time.[16]  Lastly, Turner alleges that all of these violations "were willful and not in good faith."[17]

Turner requests compensatory and liquidated damages, as well as costs and attorneys' fees, pursuant to 29 U.S.C. § 216(b).

### III. DISCUSSION

Federal district courts are tribunals of limited jurisdiction, "'empowered to hear

---

[15] Doc. no. 1, ¶ 17 (bracketed alterations added).

[16] *Id.*, ¶ 20.

[17] *Id.*, ¶ 24.

only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994)). Accordingly, an "Article III court must be sure of its own jurisdiction before getting to the merits" of any action. *Ortiz v. Fiberboard Corp.*, 527 U.S. 815, 831 (1999) (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 88-89 (1998)); *see also, e.g.*, *Galindo-Del Valle v. Attorney General*, 213 F.3d 594, 598 n.2 (11th Cir. 2000) (observing that federal courts are "obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."); *University of South Alabama,* 168 F.3d at 410 ("[A] court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.").

For those reasons, this court will address Bruister's Rule 12(b)(1) arguments to dismiss Turner's claims for lack of subject matter jurisdiction, before turning to its Rule 12(c) arguments for judgment on the pleadings.

## A.    Lack of Subject Matter Jurisdiction

Bruister argues that this court lacks subject matter jurisdiction over plaintiff's claims because no case or controversy presently exists. *See* U.S. Const. art. III, § 2

(limiting the jurisdiction of federal courts to "cases" and "controversies").  Bruister

contends that no case or controversy exists because, according to Bruister, Turner lost

her personal stake in the action when she rejected Bruister's offer of judgment.  *See*

*Lewis v. Continental Bank Corp.*, 494 U.S. 472, 478 (1990) (holding that parties must

continue to have a "personal stake in the outcome of the lawsuit" to sustain

jurisdiction) (internal quotation marks and citation omitted).  Bruister further argues

that  Turner's supplemental state law claims should be dismissed because, "once the

district court determines that subject matter jurisdiction over a plaintiff's federal

claims does not exist, courts must dismiss a plaintiff's state law claims."  *Scarfo v.*

*Ginsberg*, 175 F.3d 957, 962 (11th Cir. 1999).

Bruister argues that the Eleventh Circuit has recognized that an offer of

judgment pursuant to Federal Rule of Civil Procedure 68 is an acceptable avenue for

resolving FLSA cases, and that numerous district courts throughout the country have

held that a Rule 68 offer of *full damages*, even if rejected, renders an FLSA action

moot and subject to dismissal.[18]  Here Bruister asserts that its offer of judgment in the

amount of $1,000 far exceeds any damages, attorneys' fees, and costs that Turner

---

[18] *See* doc. no. 13, at 13 (citing *Arencibia v. Miami Shoes, Inc.*, 113 F.3d 1212 (11th Cir. 1997), *Holcomb v. Mortgage House, Inc.*, No. 6:06-CV-45, 2007 WL 129008 (M.D. Fla. Jan. 13, 2007); *Ward v. Bank of New York*, 455 F. Supp. 2d 262, 270 (S.D.N.Y. 2006), *Briggs v. Arthur T. Mott Real Estate LLC*, No. 06-0468, 2006 WL 3314624 * 3 (E.D.N.Y. Nov. 14, 2006), *Vogel v. American Kiosk Management*, 371 F. Supp. 2d 122, 128 (D. Conn. 2005)).

could expect to recover for her FLSA claims.  Specifically, Bruister contends that

under the ordinary two-year statute of limitations for FLSA claims, Turner may only

recover back pay for two days — December 26 and 27, 2005 — because those are the

only two days Turner worked at Bruister within two years of the date on which her

complaint was filed.  Because Bruister paid Turner $138.00 for her work on

December 26 and 27, 2005, it argues that Turner cannot credibly argue that she has

*any* recoverable damages under the FLSA.

Under the FLSA's statute of limitations, causes of action that accrue on or after

May 14, 1947

> may be commenced within two years after the cause of action accrued,
> and every such action shall be forever barred unless commenced within
> two years after the cause of action accrued, except that a cause of action
> arising out of a willful violation may be commenced within three years
> after the cause of action accrued.

29 U.S.C. § 255(a).  A cause of action accrues at the end of each pay period in which

the employer fails to pay the full amount of compensation, including overtime pay,

to which the employee is entitled.  *See Knight v. Columbus, Georgia*, 19 F.3d 579,

581 (11th Cir. 1994).  Thus, "[g]enerally, employees may only recover up to two

years of back pay under the FLSA's statute of limitations," or three years of back pay

if the employee proves that her employer "willfully" violated the FLSA.  *Rodriguez

v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1262 (11th Cir. 2008) (citing 29 U.S.C.

§ 255(a)).

The FLSA does not define the term "willful."  However, in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), the Supreme Court reviewed a claim under the FLSA and held that an employer acts "willfully" when the employer either "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute."  *Id.* at 133.  *See also Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1162-63 (11th Cir. 2008) ("To establish that the violation of the [FLSA] was willful in order to extend the limitations period, the employee must prove by a preponderance of the evidence that his employer either knew that its conduct was prohibited by the statute or showed reckless disregard about whether it was.") (bracketed alternation added).

Here, Turner alleges that Bruister and DIRECTV *willfully* failed to compensate her and similarly situated employees in accordance with the FLSA.[19]  If Turner proves that Bruister *willfully* violated the FLSA, she may recover up to three years of back pay (*i.e.*, more than only December 26 and 27, 2005).  Therefore, it cannot be said on the basis of the pleadings and evidence presently before this court that Bruister's offer of judgment in the amount of $1,000 was more than Turner's maximum recoverable

---

[19] Doc. no. 1 (Complaint), ¶ 24 ("Bruister's and DIRECTV's actions in failing to compensate the named representative Plaintiff, [Turner], and other similarly situated employees of Bruister and DIRECTV in accordance with the provisions of the FLSA were willful and not in good faith.").

damages.  Stated differently, if Bruister is found to have *willfully* violated the FLSA,

a case or controversy exists.

As far as this court has been able to ascertain, the Eleventh Circuit has not

previously addressed the question of whether the court or a jury should decide

whether an employer "willfully" violated the FLSA.  Indeed, just last year, in *Alvarez*

*Perez*, a panel of the Eleventh Circuit said:

> We have been unable to find an FLSA decision of this Court
> squarely holding that the decision about whether the employer acted
> willfully for purposes of determining the statute of limitations period is
> to be decided by the jury.  In the district court, the court and the parties
> assumed that the jury was to decide willfulness, and the parties have
> assumed that in their briefs and arguments to us.  So, we assume it too.

*Alvarez Perez*, 515 F.3d at 1163 (citing *Fowler v. Land Management Groupe, Inc.*,

978 F.2d 158, 163 (4th Cir. 1992)).

The Eleventh Circuit has also held that, "[g]enerally, willfulness is a question

of fact for the jury, and the jury's finding on that issue is not to be readily disturbed."

*Day v. Liberty National Life Insurance Co.*, 122 F.3d 1012, 1016 (11th Cir. 1997)

(citing *Castle v. Sangamo Weston, Inc.*, 837 F.2d 1550, 1561 (11th Cir. 1988)).

In light of the *Alvarez Perez* and *Day* decisions, this court also assumes that the

question of "whether [Bruister] acted willfully for purposes of determining the statute

of limitations period is to be decided by a jury."  *Alvarez Perez*, 515 F.3d at 1163 n.3

-12-

(bracketed alteration added).

At this point in the litigation — when no discovery has occurred — the court cannot determine whether Turner can produce sufficient evidence for a jury to reasonably determine that Bruister willfully violated the FLSA.  Accordingly, the issue of which statute of limitations applies to Turner's claims, two or three years, remains in controversy; and it follows that Turner's claims are not due to be dismissed for lack of subject matter jurisdiction.

**B.      Judgment on the Pleadings**

Bruister also argues that Turner's claims under the FLSA are time-barred because she failed to file a written consent to become a party plaintiff in the collective action within the two-year statute of limitations.

Under § 216(b) of the FLSA, an action to recover unpaid overtime compensation or minimum wages "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).  Section 216(b) further states: "No employee shall be a party plaintiff to any such action *unless [s]he gives [her] consent in writing to become such a party and such consent is filed in the court in which such action is brought*."  29 U.S.C. § 216(b) (emphasis and bracketed alterations supplied).  Thus, the FLSA

requires similarly situated employees to formally "opt-in" the litigation in order to become party plaintiffs, in contrast to the Federal Rule of Civil Procedure 23 framework for class actions in which qualifying class members are party plaintiffs unless they expressly and in writing "opt-out" of the litigation. *See Anderson v. Cagle's, Inc.*, 488 F.3d 945, 950 n.3 (11th Cir. 2007) ("Unlike class actions governed by Rule 23 of the Federal Rules of Civil Procedure, in which potential class members may choose to opt out of the action, FLSA collective actions require potential class members to notify the court of their desire to opt in to the action.").

Under 29 U.S.C. § 256, a collective action brought under the FLSA:

shall be considered to be commenced in the case of any individual claimant —

> (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint *and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought*; *or*

> (b) if such written consent was not so filed or if his name did not so appear — *on the subsequent date on which such written consent is filed in the court in which the action was commenced.*

29 U.S.C. § 256 (emphasis supplied).

When Turner filed her complaint on December 26, 2007, she did not file a written consent to become a party plaintiff. She nevertheless contends that she signed

-14-

the last page of the complaint with the intent that her signature be her written consent of joining a collective action.   Yet, on March 21, 2008, Turner also filed a "supplemental consent" to become a party plaintiff in the collective action as part of her response to Bruister's motion to dismiss.[20]

Simply stated, Bruister argues that Turner's action was not commenced on December 26, 2007, the date on which she filed the complaint, because she did not file a written consent to become a party plaintiff on that date; and, therefore, Bruister contends that Turner failed to commence the action within the ordinary two-year statute of limitations for FLSA claims.  Bruister notes that the Eleventh Circuit has explained that § 216(b) "plainly states that [a collective action under the FLSA] may not proceed as to *any person* until a formal written consent from that person is filed in court." *Albritton v. Cagle's, Inc.*, 508 F.3d 1012, 1016 (11th Cir. 2007) (emphasis supplied).   Bruister also points the court to *Songu-Mbriwa v. Davis Memorial Goodwill Industries*, 144 F.R.D. 1 (D. D.C. 1992), in which a district court in the District of Columbia held that:  "Until a plaintiff, *even a named plaintiff*, has filed a written consent, *she has not joined in the class action*, *at least for statute of limitations purposes*." *Id*. at 2 (emphasis supplied).

District courts within the Eleventh Circuit have observed that "'[t]he Eleventh

---

[20] *See* doc. no. 22, Exhibit A (Affidavit of Tanecia Turner), Exhibit 1.

Circuit has not squarely addressed the issue of whether named plaintiffs in a FLSA opt-in action must submit written consent forms.'" *Lago v. Amoa Const. & Development Corp.*, No. 08-20994, 2008 WL 4540062, at * 1 (S.D. Fla. Oct. 10, 2008) (quoting *Macias v. IK Retail, Inc.,* No. 06-20234, 2007 WL 61914, at *2 (S.D. Fla. Jan.5, 2007)).  Nonetheless, the district court in *Lago* went on to conclude that § 256 unambiguously provides that, "in order for a collective, opt-in action brought under the FLSA to commence, *each of the plaintiffs* (named or opt-in) *must file a written consent*." *Lago*, 2008 WL 4540062, at *2 (emphasis supplied).

This court also finds that the plain language of § 256 clearly provides that a collective action under the FLSA is not commenced until such date as the named plaintiff who purports to sue on her own behalf as well as a putative class has filed both the complaint *and the written consent to become a party plaintiff*.  That conclusion does not end the analysis, however, because it does not dictate that Turner's FLSA claims are time-barred.

Turner's filing of her supplemental written consent on March 21, 2008 places the present action in a unique position:  that is, the action now is deemed to have been commenced more than two years after Turner's last pay period at Bruister, but less than three years after her last pay period.  In other words, assuming that Turner can shoulder the burden of proving that the three-year statute of limitations for willful

violations of the FLSA applies to her claims, Turner's claims are not time-barred.

As discussed above, however, the question of whether Turner can produce sufficient evidence to persuade a jury to conclude reasonably that Bruister willfully violated the FLSA cannot be determined at this point in the litigation. Consequently, Bruister is not entitled to have judgment entered in its favor on the basis of the pleadings presently before this court.

## IV. CONCLUSION

For all of the foregoing reasons, Bruister's motion to dismiss is due to be, and it hereby is, DENIED. Turner's motion to strike Bruister's motion to dismiss is also due to be, and it hereby is, DENIED. Bruister's motion to strike the affidavit of Turner, and Bruister's motion to strike portions of Turner's errata sheet, are DENIED as moot. Turner's motion to amend the complaint to add Lillie Mae Currenton Burroughs and Donita Rena Lopp as party plaintiffs is also DENIED. Lastly, this court *sua sponte* lifts its stay on discovery, and directs the parties to proceed to hold a Federal Rule of Civil Procedure 26(f) planning meeting in compliance with the directives of the Uniform Initial Order entered in this case.

The parties are reminded that motions to strike are not favored and usually will be denied, unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties. *See Poston v. American President Lines,*

*Limited*, 452 F. Supp. 568, 570 (S.D. Fla. 1978) (citing *Augustus v. Board of Public Instruction*, 306 F.2d 862 (5th Cir.1962)).   The attorneys also are advised that frivolous motions will not be tolerated, and counsel are forewarned that swift and painful sanctions will be imposed — *upon attorneys, not parties* — for such motions.

DONE and ORDERED this 3rd day of February, 2009.

United States District Judge