FILED

2009 Feb-04  PM 12:50
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| TANECIA TURNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 07-S-2331-NW |
| | ) | |
| BRUISTER & ASSOCIATES, INC., | ) | |
| and DIRECTV, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

This is a collective action arising under the Fair Labor Standards Act of 1938,

29 U.S.C. §§ 201 *et seq*.[1]  Plaintiff, Tanecia Turner, alleges that she formerly was an

employee of defendants Bruister and Associates, Inc. ("Bruister"), and DIRECTV,

Inc.  She alleges, not only on her own behalf, but also for all other similarly situated

employees, that defendants have violated the minimum wage, overtime, and record

keeping provisions of the Fair Labor Standards Act.[2]  Turner also alleges

supplemental state-law claims for "negligent; wanton; and/or intentional wrongful

hiring, training, supervision, and retention" of the "site manager" and the "site human

resources coordinator," invasion of privacy, and intentional infliction of emotional

---

[1] *See* doc. no. 1 (Complaint).

[2] *Id*., ¶ 4.

distress.[3]

This opinion addresses several motions, including DIRECTV's motion for summary judgment,[4] DIRECTV's motion to strike portions of Turner's evidence in opposition to summary judgment,[5] and Turner's motion for leave to file Lillie Mae Currenton Burroughs's EEOC charge against DIRECTV.[6]

## I. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).[7]  "[T]he

---

[3] *Id*. at 8-14.

[4] *See* doc. no. 30.  The court previously advised the parties that DIRECTV's motion to dismiss, or, in the alternative, for summary judgment would be considered as a Rule 56 motion for summary judgment because DIRECTV attached a lengthy evidentiary submission.  *See* doc. no. 21. Much of DIRECTV's evidentiary submission is evidence collected from a state action by Anthony and Donita Lopp against Bruister and DIRECTV.  The Lopp's action is currently pending in the Circuit Court of Lauderdale County, Alabama.

[5] *See* doc. no. 43 ("Defendant DIRECTV, Inc.'s Motion to Strike Portions of Plaintiff's Evidence in Opposition to Summary Judgment").

[6] *See* doc. no. 47 ("Plaintiffs Tanecia Turner; Lillie Mae Morning Currenton Burroughs; and Donita Rena Lopp's Motion for Leave to File Lillie Mae Currenton Burroughs' EEOC Charge Against Defendant DIRECTV, Inc.").

[7] Rule 56 was recently amended in conjunction with a general overhaul of the Federal Rules of Civil Procedure.  The Advisory Committee was careful to note, however, that the changes "are intended to be *stylistic only*."  Adv. Comm. Notes to Fed. R. Civ. P. 56 (2007 Amends.) (emphasis supplied).  Consequently, cases interpreting the previous version of Rule 56 are equally applicable to the revised version.

plain language of Rule 56(c) mandates the entry of summary judgment, after adequate

time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and

on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986).

In making this determination, the court must review all evidence and make all

reasonable inferences in favor of the party opposing summary judgment.

> The mere existence of some factual dispute will not defeat
> summary judgment unless that factual dispute is material to an issue
> affecting the outcome of the case. The relevant rules of substantive law
> dictate the materiality of a disputed fact. A genuine issue of material
> fact does not exist unless there is sufficient evidence favoring the
> nonmoving party for a reasonable [factfinder] to return a verdict in its
> favor.

*Chapman v. AI Transport*, 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (internal

quotations and citation omitted) (bracketed text supplied).

## II. SUMMARY OF FACTS

DIRECTV is engaged in the business of providing direct broadcast satellite

services to consumers.[8] Bruister is engaged in the business of installing, servicing,

and maintaining various consumer electronic products, including satellite systems.[9]

---

[8] *See* doc. no. 31, Exhibit A ("2005 Home Services Provider Agreement"), ¶ A.
[9] *Id.*, ¶ C.

DIRECTV and Bruister entered into a "2005 Homes Services Provider Agreement,"

in which DIRECTV engaged Bruister "to perform installation and service work with

respect to the DIRECTV System . . . sold and rented by DIRECTV."[10]  The agreement

set out the terms of the relationship between DIRECTV and Bruister as follows:

> [Bruister] is an independent contractor authorized during the term
> hereof to perform and provide Services to DIRECTV. . . . This
> Agreement is intended to create an independent contractor relationship
> between the parties for purposes of federal, state and local law . . . .
> Because [Bruister] and [Bruister's] employees and subcontractors are
> not employees, franchisees, agents or otherwise of DIRECTV, [Bruister]
> and its employees and subcontractors are not entitled to any benefits to
> which DIRECTV employees may be entitled under DIRECTV policies
> or as otherwise required by law, including workers' compensation or
> unemployment compensation benefits.[11]

Turner asserts that she formerly worked at the Florence, Alabama, location of

DIRECTV and Bruister from March 2005 until December 28, 2005.[12]  She was

employed as a customer service representative, and also performed the duties of a

"payroll person."[13]  She asserts that DIRECTV employees, agents, and representatives

monitored her work on a daily basis, and that her supervisor, Donna Mitchell,

instructed her to follow the direction of all DIRECTV representatives.[14]  She further

---

[10] *Id.*, ¶ E.

[11] *Id.*, ¶ 19.

[12] *See* doc. no. 39, Response to Undisputed Facts, ¶ 1 and doc. no. 39, Exhibit 1, (Declaration of Tanecia Turner), at 1-2.

[13] *See* doc. no. 39, Exhibit 1 (Declaration of Turner), at 1.

[14] *Id.* at 2.

asserts that DIRECTV maintained a telephone line at the Florence office in order to directly and immediately communicate with her and other employees.  Turner understood that DIRECTV would reassign or fire her if she did not do exactly what its employees, agents, or representatives instructed her to do.[15]

On December 26, 2007, Turner, on behalf of herself and similarly situated employees, filed suit against DIRECTV and Bruister, alleging that the companies had violated the minimum wage, overtime pay, and record keeping provisions of the Fair Labor Standards Act ("FLSA").[16]  DIRECTV has now moved for summary judgment as to all of Turner's claims.

### III. DISCUSSION

DIRECTV's leading argument in favor of summary judgment is that provisions of the FLSA under which Turner bases her claims apply only to a worker's "employer," and that it was not Turner's "employer" as that term is defined by the FLSA.  *See* 29 U.S.C. §§ 206, 207, and 211.

Under the FLSA, an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee."  29 U.S.C. §

---

[15] *Id*. at 4, 6.

[16] *See* doc. no. 1 (Complaint).  Congress enacted the FLSA in 1938 "in order to eliminate 'labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Antenor v. D & S Farms*, 88 F.3d 925, 929 (11th Cir. 1996) (quoting 29 U.S.C. §§ 202(a) & (b)).

203(d).  An "employee" is defined as "any individual employed by an employer."  *Id*.

§ 203(e)(1).  To "employ" is defined as "to suffer or permit to work."  *Id*. § 203(g).

Each of these definitions is to be construed broadly, because the FLSA is a remedial

statute.  *See Antenor v D & S Farms*, 88 F.3d 925, 933 (11th Cir. 1996) (citing *A.H.*

*Philips, Inc. v. Walling*, 324 U.S. 490, 493 (1945) (recognizing that the FLSA must

be interpreted broadly to effectuate its "humanitarian and remedial" purposes)).

The FLSA contemplates that an individual may be jointly employed by separate

entities at the same time, and Turner contends that she was jointly employed by

Bruister and DIRECTV.  *See* 29 C.F.R. § 791.2.[17]  The determination of whether an

entity is a joint employer under the FLSA is a question of law that turns upon

---

[17] The definition of "joint employment" under the FLSA is found in the Code of Federal
Regulations at 29 C.F.R. § 791.2, which provides:

> (a) A single individual may stand in the relation of an employee to two or
> more employers at the same time under the Fair Labor Standards Act of 1938, since
> there is nothing in the act which prevents an individual employed by one employer
> from also entering into an employment relationship with a different employer. . . if
> the facts establish that the employee is employed jointly by two or more employers,
> *i.e.*, that employment by one employer is not completely disassociated from
> employment by the other employer(s), all of the employee's work for all of the joint
> employers during the workweek is considered as one employment for purposes of the
> Act. In this event, all joint employers are responsible, both individually and jointly,
> for compliance with all of the applicable provisions of the act, including the overtime
> provisions, with respect to the entire employment for the particular workweek.

29 C.F.R. § 791.2(a) (2009) (footnotes omitted).

whether, "as a matter of economic reality, the individual is dependent on the entity."

*See Antenor*, 88 F.3d at 929.  The Eleventh Circuit has identified the following seven

factors for district courts to consider when determining whether a worker is

economically dependent on an entity:

> (1) the nature and degree of control over the worker;
>
> (2) the degree of supervision, direct or indirect, of the work;
>
> (3) the right, directly or indirectly, to hire, fire, or modify the worker's employment conditions;
>
> (4) the power to determine the worker's pay rates or methods of payment;
>
> (5) the preparation of payroll and payment of worker's wages;
>
> (6) ownership of the facilities where the work occurred;
>
> (7) whether the worker performed a line job integral to the end product; and
>
> (8) the relative investment in equipment and facilities.

*See Antenor*, 88 F.3d at 932 (taking the first five factors from Department of Labor

regulations, 29 C.F.R. § 500.50(h)(4)(ii), and the last three factors from *Aimable v.*

*Long & Scott Farms, Inc.*, 20 F.3d 434, 443-45 (11th Cir. 1994)).  The Eleventh

Circuit has cautioned that "no one factor is determinative," because "the existence of

a joint employment relationship depends on 'the "economic reality" of *all the*

*circumstances*."   *Antenor*, 88 F.3d at 932 (quoting *Aimable*, 20 F.3d at 439)

(emphasis supplied)).

DIRECTV argues that the following, objective evidence demonstrates that it was not Turner's "employer" under the FLSA:  Bruister paid Turner's wages; Turner stated in a sworn affidavit in a state action that Bruister was her employer; DIRECTV has no record of Turner being its employee; DIRECTV does not have an office in Florence, Alabama; and the "2005 Homes Services Provider Agreement" provides that employees of Bruister are not also employees of DIRECTV.

The court finds that, at this stage of the litigation, when no discovery has occurred, DIRECTV has prematurely argued that it was not a "employer" of Turner under the FLSA.  Simply, DIRECTV has not presented sufficient evidence for the court to properly weigh the factors set forth in *Antenor*, and determine whether it jointly employed Turner.  *See Antenor*, 88 F.3d at 932.  Accordingly, summary judgment is not due to be granted at this time.  Turner *and her attorney* are forewarned, however, that if credible evidence does not sustain her contention that DIRECTV was a "joint employer" — a contention that DIRECTV asserts is contrary to a sworn affidavit given by Turner in a state court action — then, at the least, the costs of this action will be taxed against Turner.

## B.    Failure to State a Claim

DIRECTV also argues that Turner's FLSA claims are time-barred because she

failed to file a written consent to become a party plaintiff in the collection action within the ordinary two-year statute of limitations for claims under the FLSA. Bruister made the same argument in its motion for judgment on the pleadings. *See* doc. no. 13. This court discussed Bruister's argument in the Memorandum Opinion and Order entered on February 3, 2009, as document number 48 in this file, and concluded that Bruister was not entitled to have judgment entered in its favor on the basis of the pleadings. This court concluded that the question of whether Turner's FLSA claims are subject to a *three-year* statute of limitations — and, therefore, not time-barred — could not be determined without considering evidence as to whether Bruister or DIRECTV willfully violated the FLSA. Accordingly, DIRECTV has also prematurely argued that Turner's FLSA claims are time-barred under the ordinary two-year statute of limitations.

## IV. CONCLUSION

For all of the foregoing reasons, DIRECTV's motion for summary judgment is due to be, and it hereby is, DENIED without prejudice. DIRECTV's motion to strike portions of Turner's evidence in opposition to summary judgment, and, Turner's motion for leave to file Lillie Mae Currenton Burroughs's EEOC charge against DIRECTV are DENIED.

DONE and ORDERED this 4th day of February, 2009.

_____

United States District Judge