## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| **TANECIA TURNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Action No. 07-S-2331-NW** |
| | ) | |
| **BRUISTER & ASSOCIATES, INC.,** | ) | |
| **and DIRECTV, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tanecia Turner, initiated this action against defendants, Bruister &
Associates, Inc. ("Bruister") and DIRECTV, Inc., under the Fair Labor Standards Act
of 1938 ("FLSA").[1]  *See* 29 U.S.C. § 216(b). This opinion addresses "Plaintiff's
Motion and Incorporated Memorandum of Law for Order Granting Collective Action
Certification and for Court Assisted Notice."[2]

Plaintiff served as a customer service representative ("CSR") and a payroll
supervisor in the Florence, Alabama office operated by Bruister for the benefit of
DIRECTV.[3] Plaintiff asserts that she and other, similarly-situated, hourly-wage office
workers in defendant's offices routinely worked overtime hours for which they were

---

[1] *See* doc. no. 1 (complaint).

[2] *See* doc. no. 57.

[3] Plaintiff was an employee of Bruister, and Bruister operated as a subcontractor performing
certain jobs for DIRECTV. The nature of the relationship between plaintiff and DIRECTV is a point
of contention between the parties, but discovery has not been completed on that issue, and the court
need not reach it to render a decision on plaintiff's motion.  *See* note 19, *infra*.

not paid. In particular, plaintiff asserts that she regularly worked through lunch, but was not paid for that time, and that she was pressured or told not to report all of the overtime she worked.[4]  The complaint includes a claim entitled "Collective Action for Violations of the FLSA" brought individually and on behalf of the members of the putative class under the FLSA, 29 U.S.C. § 201 *et seq.*[5]

In her complaint and motion, plaintiff seeks leave to send notice of this lawsuit to "all employees and former employees of Bruister and DIRECTV who have been employed by Bruister and DIRECTV as non-exempt office workers in any facility owned and/or operated by Bruister and DIRECTV" since December 26, 2004.[6]

Following consideration to the motion, responses, and evidence, and for the reasons set forth below, the court concludes that plaintiff's motion is due to be denied.

## DISCUSSION

As explained in the order entered in this action on February 4, 2009 (doc. no. 50), a so-called "class action" — *i.e.*, a lawsuit in which only one person, or a small group of people, represent the collective interests of a larger group — generally is conducted in accordance with the requirements of Federal Rule of Civil Procedure 23.

---

[4] Doc. no. 57, Ex. A (Deposition of Tanecia Turner dated March 24, 2009), at 20-22 and 43-44.

[5] In addition to the claim brought under the FLSA, plaintiff Turner brought three pendant state-law claims that are personal to Ms. Turner and not a part of the requested collective action. *See* doc. no. 1 (complaint), at 6-14.

[6] Doc. no. 1 (complaint), at 7. *See also* doc. no. 57 (plaintiff's motion for certification), at 23.

2

In contrast, collective actions under the Fair Labor Standards Act ("FLSA") proceed according to a different, statutory standard:  *i.e.*,

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.  Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages. An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by one or more employees for and in behalf of himself or themselves and other employees similarly situated.  *No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.* . . .

29 U.S.C. § 216(b) (emphasis supplied).  Thus, persons who desire to join in an FLSA action as plaintiffs must affirmatively "opt in."  That requirement is not congruous with the procedures of the Federal Rules of Civil Procedure; once a class is certified according to Rule 23, all class members are bound by the court's decision unless they affirmatively "opt out."  Because of this fundamental difference, courts have found the requirements of Rule 23 and 29 U.S.C. § 216(b) to be "irreconcilable."  *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975); *see also*, *e.g.*, *Garner v. G.D. Searle Pharmaceuticals & Company*, 802 F.

Supp. 418, 421 (M.D. Ala. 1991).

Unlike Rule 23, however, the FLSA provides little guidance as to how such collective actions should be conducted.  Section 216(b) neither requires parties to obtain judicial oversight before attempting to locate "similarly situated" individuals, nor forbids them from seeking such judicial involvement.  Nevertheless, it is well settled that district courts possess the inherent power to facilitate such notice to potential plaintiffs. *See, e.g., Hoffmann-La Roche Inc., v. Sperling*, 493 U.S. 165, 169 (1989).  In addition, once a FLSA action is commenced on behalf of not only the named plaintiff(s), but also a putative class of allegedly "similarly situated" individuals, "the court has a managerial responsibility to oversee the joinder of additional parties to assure that the task is accomplished in an efficient and proper way." *Id.* at 170-71.  Moreover, "[t]he interest of courts in managing collective actions in an orderly fashion is reinforced by Rule 16(b), requiring entry of a scheduling order limiting time for various pretrial steps . . . ." *Id.* at 173.

The Court of Appeals for the Eleventh Circuit prefers that district courts employ a two-step approach when determining whether to certify a collective action under Section 216(b).  *Cf. Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).[7]  "The first determination is made at the so-called

---

[7] Although *Hipp* involved a collective action brought under the Age Discrimination in Employment Act of 1967, the Eleventh Circuit has made clear that the analysis set forth in that case applies with equal force to FLSA collective actions. *See Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003).

4

'notice stage.'  At the notice stage, the district court makes a decision . . . whether notice of the action should be given to potential class members."  *Id.*  (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-24 (5th Cir. 1995)).  Then, in the second stage, after discovery is completed and the case is ready for trial, the defendant typically moves the court to "decertify" the class, and the court must make a final determination regarding class certification.  *See id.* at 1218.  For this reason, the initial decision regarding class certification is generally regarded as conditional.

In making the initial decision regarding certification, the Court must consider whether certification would serve the purposes and putative benefits of a collective action under Section 216. The Supreme Court has identified the main benefits of a collective action under Section 216(b) as allowing

> plaintiffs the advantage of lower individual costs to vindicate rights by the pooling of resources. The judicial system benefits by efficient resolution in one proceeding of common issues of law and fact arising from the same alleged . . . activity.

*Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989).  Accordingly, the Court must balance the putative benefits against any prejudice to defendants and any judicial inefficiencies that may result from allowing the case to proceed collectively. *See Bayles v. American Medical Response of Colorado, Inc.,* 950 F. Supp. 1053, 1067 (D. Colo. 1996).

Two elements are key to the analysis at the notice stage. The court ultimately

must "satisfy itself that there are other employees of [defendants] who desire to 'opt in' and who are 'similarly situated' [to plaintiff] with respect to their job requirements and with regard to their pay provisions." *Dybach v. Florida Dept. of Corrections*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).  Although the standard at this stage is "fairly lenient," *Hipp*, 252 F.3d at 1218, plaintiff still bears the burden of demonstrating a "reasonable basis" for her claim that collective action is appropriate, *Grayson v. K-Mart Corp.*, 79 F.3d 1086, 1097 (11th Cir. 1996) (citation omitted).

As supporting evidence that others have a sufficient interest in joining the litigation, plaintiff proffers her testimony and the deposition testimony of putative plaintiffs Lillie Burroughs and Donita Rena Lopp, both of whom have executed consents to join this suit.[8]  Ms. Burroughs served as a customer service representative in Bruister's Montgomery and Bessemer, Alabama offices.  Ms. Lopp served as a customer service representative in Bruister's Florence, Alabama office.

Plaintiff asserts, without citation to the evidence, that Turner, Burroughs, and Lopp "each testified during their depositions that there are others who would opt-in should this Court certify this case as a collective action."[9]  In actuality, plaintiff and the named putative plaintiffs could not identify any other persons who are interested in joining this action, despite having almost fifteen months to investigate between the

---

[8] Putative plaintiffs Lillie Burroughs and Donita Rena Lopp consented to join this action by notices filed on March 23, 2008, and March 26, 2008, respectively, but the court has not yet permitted them to join the suit. *See* doc. nos. 25 and 27.

[9] Doc. no. 57 (plaintiff's motion for certification), at 5.

date of this action and the dates on which the depositions were taken.[10]   Although

Turner, Lopp, and Burroughs may suspect or believe that others would join this suit

if notice were to be issued, "a plaintiff's mere stated belief in the existence of other

employees who desire to opt-in is insufficient." *Davis v. Charoen Pokphand (USA),

Inc.*, 303 F. Supp. 2d 1272, 1277 (M.D. Ala. 2004) (finding testimony that at least

twelve other employees were unhappy with the specific policies at issue, and that

these employees would join the lawsuit, was insufficient to support  class

certification, without affidavits or consents from "would-be class members"); *see also

Mackenzie v. Kincaid Hospitals East, LLC*, 276 F. Supp. 2d 1211, 1220 (M.D. Fla.

2003) ("[U]nsupported expectations that additional plaintiffs will subsequently come

forward are insufficient to justify notice."); and *Wombles v. Title Max of Ala., Inc.*,

No. 03-1158, 2005 WL 3312670, at *3 (M.D. Ala. Dec. 7, 2005) ("The plaintiffs'

unsubstantiated belief about other employees' willingness to join this action and their

inability to identify more than two other employees willing to join shows that the

plaintiffs have not met their burden.").

"Certification of a collective action and notice to a potential class is not

appropriate to determine *whether* there are others who desire to join the lawsuit."

*Barten v. KTK & Associates, Inc.*, No. 8:06-CV-1574-T-27EAJ, 2007 WL 2176203,

---

[10] *See* doc. no. 57, Ex. A (Deposition of Tanecia Turner dated March 24, 2009), at 70 and 73; Ex. B. (Deposition of Lillie Burroughs dated March 23, 2009), at 205; and Ex. C. (Deposition of Donita Rena Lopp dated March 24, 2009), at 132-133.

*2 (M.D. Fla. July 26, 2007) (citing *Mackenzie*, 276 F. Supp. 2d at 1220) (emphasis in original).  In this instance, certification of the class based on plaintiff's vague, conclusory,  and speculative evidence would allow plaintiff to use court-sanctioned notice to do just that, *i.e.*, "to determine *whether* there are others who desire to join the lawsuit." *Id. See also H & R Block, Ltd. v. Housden*, 186 F.R.D. 399, 401 (E.D. Tex. 1999) ("[T]his court is mindful that it, like practicing attorneys, has a responsibility to refrain from stirring up unwarranted litigation."); *D'Anna v. M/A-COM*, 903 F. Supp. 889, 894 (D. Md. 1995) ("[A]n employer should not be unduly burdened by a frivolous fishing expedition conducted by plaintiff at the employer's expense."); *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) ("The courts, as well as practicing attorneys, have a responsibility to avoid the 'stirring up' of litigation through unwarranted solicitation."); and *Stanfield v. First NLC Financial Services, LLC*, No. C 06-3892 SBA, 2006 WL 3190527, *4 (N.D. Cal. Nov. 01, 2006) ("Courts are cautious about approving notice to the putative class lest they 'stir up' litigation.").

In light of the foregoing, plaintiff has failed to establish a reasonable basis for the court to conclude that a sufficient interest to opt-in exists as to the proposed collective action. Because plaintiff failed to establish this first requirement necessary for class certification, the court need not reach the second requirement, *i.e.*, whether potential class members were "similarly situated."

8

## CONCLUSION AND ORDER

Accordingly, plaintiff's motion is **DENIED**.  Within fourteen days of the date of this order, the parties are ordered to hold a Federal Rule of Civil Procedure 26(f) planning meeting and file a report of the meeting in compliance with the directives of the Uniform Initial Order entered in this case.[11]

DONE and ORDERED this 26th day of February, 2010.

_____
United States District Judge

---

[11] The court previously ordered the parties to hold a planning meeting, but there is no record that the parties ever complied with this order. *See* doc. no. 48 (memorandum opinion and order), at 17.  Further disregard of the court's clear directives will result in swift sanctions.